## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GULF COAST BANK & TRUST COMPANY, a Louisiana state chartered bank, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 11-cv-2617 ) |
| HOME STATE BANK, N.A., a national banking association, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff, Gulf Coast Bank & Trust Company, a Louisiana state chartered bank ("Gulf Coast"), by its attorneys, Konstantinos Armiros and George P. Apostolides of Arnstein & Lehr LLP, for its Complaint against Home State Bank, N.A., a national banking association ("Home State"), states as follows:

## PARTIES

1. Gulf Coast is a Louisiana state chartered bank with its principal place of business and nerve center in New Orleans, Louisiana.

2. Home State is an Illinois banking corporation with its principal place of business and nerve center in Crystal Lake, Illinois.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332 because, pursuant to 28 U.S.C. § 1348, plaintiff's citizenship is the state where it is located and its nerve center is located, Louisiana, and defendant's citizenship is the state where it is located

and its nerve center is located, Illinois. Further, as alleged in further detail below, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

4. Venue in this district is proper under 28 U.S.C. § 1391(a)(l) because the defendant resides in this district under 28 U.S.C. § 1391(c) and is subject to personal jurisdiction in this district. Venue is also proper in this district under 28 U.S.C. § 1391(a)(2) because a substantial part of the acts and omissions giving rise to plaintiff's claims occurred in this district.

## BACKGROUND FACTS

5. On or about December 27, 2008, Home State executed a business loan agreement, a note (the "Note") and a mortgage (the "Mortgage") with Thomas Investments I, LLC and Thomas Investments II, LLC (collectively, the "Borrowers") in the principal amount of $1,530,000.00 (collectively, the Note, Mortgage, and other loan documents evidence the "Loan"). The Loan was personally guaranteed by two individuals, James L. Schaid and Samuel J. Diamond (collectively, the "Guarantors"). On information and belief, Home State has made multiple additional loans with entities which are owned by one or both of the Guarantors.

6. On January 20, 2009, Home State executed a Loan Participation Purchase Certificate and Agreement (the "Participation Agreement") with Independent Bankers' Bank ("IBB"), by which IBB became a participant in the Loan. IBB purchased 68.6275% of the Loan in consideration for a payment of $1,050,000.00.

7. On December 18, 2009, IBB was closed by the Illinois Department of Financial and Professional Regulation, Division of Banking, and the Federal Deposit Insurance Corporation (the "FDIC") was named the receiver of IBB.

8. The Loan matured on December 27, 2009, but the Borrowers failed to repay the amount due. On information and belief, the Borrowers have failed to repay amounts due in the Loan notwithstanding the Loan's maturity, and thus are in default on the Loan (the "Default").

9. On or about May 10, 2010, Gulf Coast purchased IBB's interest in the Loan from the FDIC. The FDIC executed an assignment of IBB's rights under the Participation Agreement, whereby Gulf Coast succeeded to all of IBB's rights under the Participation Agreement.

## THE PARTICIPATION AGREEMENT

10. Home State retained the right to administer the Loan in the Participation Agreement. Section 3(a) of the Participation Agreement says:

> So long as [Home State] has not been removed pursuant to Section 11 below, [Home State] shall act as the disclosed agent of the Participant in connection with the making, monitoring, administrating, and enforcing of the Loan, and the Participation Investment. In making, monitoring, administering, and enforcing the Loan, [Home State] shall exercise the same degree of care as it normally exercises with respect to loans made by, or outstanding from, [Home State] in which no participations are granted. Furthermore, [Home State] will diligently collect all financial statements, copies of tax returns and any other reports that the Borrower is required to deliver to [Home State] as provided in the Loan Documents.

11. Section 3(b) of the Participation Agreement sets forth restrictions on Home State's rights in administering the Loan. It says:

> Notwithstanding the foregoing clause (a), [Home State] will not, without Participant's prior written consent, (i) agree to any modification or waiver of any of the terms of the Loan Documents; (ii) consent to any act by the Borrower or any guarantor not contained in the terms under the Loan Documents; (iii) consent to a failure to act by the Borrower or any guarantor which causes a Default under the Loan Documents; (iv) exercise, or refrain from exercising, or waive, any rights or powers [Home State] may have under or with respect to the Loan Documents; (v) agree to release or permit substitutions of Collateral in respect of the Loan; (vi) reduce the principal or the interest rate or extend the stated maturity of the Loan; or (vii) consent to a renewal of the Loan.

12. Section 11(b) of the Participation Agreement says:

(b) Remedies Upon Default. Upon any Event of Default by [Home State] hereunder, in addition to all other remedies available to Participant at law or equity:

(i) [Home State] shall be obligated to pay interest on any past due amount owing to Participant at the Participation Rate.

(ii) Participant may terminate [Home State]'s agency status and assume direct administration of the Loan in accordance with this Section.

(iii) Participant may require [Home State] to repurchase Participant's Participation Investment within five (5) business days of written notice by Participant at a purchase price equal to the total outstanding amount of the Participation Investment.

13. Section 13 of the Participation Agreement says:

If any lawsuit or proceeding is brought by Seller or Participant to enforce the terms of this Agreement, the unsuccessful party shall pay the prevailing party's costs and reasonable attorney's fees incurred in bringing or defending such action.

**HOME STATE'S REFUSAL TO FOLLOW THE PARTICIPATION AGREEMENT**

14. Home State has refrained from and is apparently refusing to exercise its rights to collect on either the Note and Mortgage or the personal guarantees executed by the Guarantors subsequent to the Borrowers' Default.

15. Personnel at Gulf Coast commenced communications, both oral and in writing, with personnel from Home State in June, 2010 regarding the Loan. Gulf Coast requested information from Home State about the status of Home State's efforts to resolve the Default by the Borrowers. Home State refused to provide the needed information despite repeated requests that it do so. Due to Home State's lack of a response, on March 1, 2011, counsel for Gulf Coast wrote a demand letter to Home State in which Gulf Coast demanded that Home State either repurchase Gulf Coast's interest in the Loan at a purchase price equal to the amount of the participation investment or, in the alternative, turn over all records concerning the Loan and the Guarantors so Gulf Coast can assume direct administration of the Loan. Home State responded

in a letter dated March 8, 2011, in which it did nothing more than mail loan documents to Gulf Coast. Gulf Coast sent a follow up letter to Home State dated March 14, 2011 which reiterated the demand in its March 1, 2011 letter. Home State has failed to respond to the March 14, 2011 letter.

16. Home State has neither repurchased Gulf Coast's interest in the Loan nor turned over all records concerning the Loan and the Guarantors so Gulf Coast can assume direct administration of the Loan. In fact, Home State has not provided any substantive response to Gulf Coast's requests at all.

## COUNT I
**(Breach of Contract)**

1-16. Gulf Coast restates and realleges Paragraphs One (1) through Sixteen (16) as Paragraphs One (1) through Sixteen (16) of Count I.

17. Home State has breached the Participation Agreement by failing and refusing to exercise its rights to pursue all remedies, including but not limited to litigation, against the Borrowers and the Guarantors. Thus, Home State has violated Section 3(b)(i), 3(b)(ii), 3(b)(iv), and 3(b)(vi) of the Participation Agreement.

18. Gulf Coast has suffered damages in the amount of $1,050,000.00 as a direct result of Home State's breach of the Participation Agreement and failure to repurchase Gulf Coast's interest in the participation.

19. In addition, Gulf Coast has incurred attorney's fees to enforce the terms of the Participation Agreement.

WHEREFORE, Plaintiff, Gulf Coast Bank & Trust Company, a Louisiana state chartered bank, seeks the entry of an Order granting it judgment in its favor and against defendant, Home

State Bank, N.A., in the amount of $1,050,000.00, plus costs and reasonable attorney's fees to be determined at trial.

## COUNT II
### (Breach of Fiduciary Duty)

1-19. Gulf Coast restates and realleges Paragraphs One (1) through Nineteen (19) as Paragraphs One (1) through Nineteen (19) of Count II.

20. Home State has breached its fiduciary duty of care described in Section 3(a) of the Participation Agreement by failing to enforce its rights under the loan documents and the guarantees. Home State has taken these steps due to its existing relationship with the Guarantors and its interest in maintaining that relationship, at the expense of Gulf Coast and notwithstanding Home State's duty to Gulf Coast.

21. Gulf Coast has suffered damages in the amount of $1,050,000.00 as a result of Home State's breach of its fiduciary duty.

WHEREFORE, Plaintiff, Gulf Coast Bank & Trust Company, a Louisiana state chartered bank, seeks the entry of an Order granting it judgment in its favor and against defendant, Home State Bank, N.A., in the amount of $1,050,000.00, plus costs and reasonable attorney's fees to be determined at trial.

## COUNT III
### (Declaratory Judgment)

1-21. Gulf Coast restates and realleges Paragraphs One (1) through Twenty-One (21) as Paragraphs One (1) through Twenty-One (21) of Count III.

22. In the alternative, Gulf Coast is entitled to a declaration that Home State's agency status is terminated and Gulf Coast is entitled to assume direct administration of the Loan in accordance with the Participation Agreement.

WHEREFORE, Plaintiff, Gulf Coast Bank & Trust Company, a Louisiana state chartered bank, seeks the entry of an Order declaring that Gulf Coast is entitled to assume direct administration of the Loan in accordance with the Participation Agreement.

                                                        GULF COAST BANK & TRUST COMPANY

                                                        By:   /s/ George P. Apostolides_____
                                                               One of its attorneys

Konstantinos Armiros
George P. Apostolides
Arnstein & Lehr LLP
120 S. Riverside Plaza
Suite 1200
Chicago, IL  60606
(312) 876-7100
Fax: (312) 876-0288
9528149_1