IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GULF COAST BANK & TRUST COMPANY, ) <br> a Louisiana state chartered bank, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> HOME STATE BANK, N.A., a national banking ) <br> association, ) <br> Defendant ) | Case No. 11-cv-2617 |

**DEFENDANT'S MEMORANDUM OF LAW OF MOTION TO TRANSFER CASE TO WESTERN DIVISION OF NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. sec. 1404**

**NOW COMES** the Defendant, **HOME STATE BANK, N.A.**, a national banking association (hereinafter "HSB"), by and through its attorneys, ZUKOWSKI, ROGERS, FLOOD & McARDLE, and pursuant to 28 U.S.C. sec. 1404, moves this Court to enter an order transferring this case to the Western Division of the Northern District of Illinois, and in support thereof states as follows:

## BACKGROUND

On April 19, 2011, the Plaintiff filed the instant three (3) count Complaint against HSB, alleging as follows: Breach of Contract (Count I); Breach of Fiduciary Duty (Count II); and Declaratory Judgment (Count III). the allegations of the instant case arise from a business loan agreement issued by HSB which, for funding purposes, was part of a participation agreement between HSB and independent banker's bank. Over time, the Plaintiff was allegedly assigned HSB's interest in the participation agreement and mortgage, and the Plaintiff filed suit against HSB arising from the default of the mortgage, and HSB's alleged failure to comply with the terms of the participation agreement.

Specifically, on or about December 27, 2008, HSB executed a business loan agreement and mortgage with Thomas Investments I, LLC and Thomas Investments II, LLC in the principal amount of $1,530,000.00. The above loan was personally guaranteed by two individuals to whom the Plaintiff alleges HSB has made multiple additional loans to. In order to assist in funding the above-described loan, HSB entered into a participation agreement with Independent Bankers' Bank (IBB) by which IBB became a participant in a loan and purchased 68.6275% of the loan in consideration for a payment of $1,050,000.00. Subsequent thereto, IBB was allegedly closed by the Illinois Department of Financial Professional Regulation, Division of Banking and the FDIC was named receiver. The complaint then alleges that the FDIC executed an assignment of IBB's rights under the instant participation agreement. In short, the complaint then alleges that the borrowers have defaulted on the loan at issue, and that HSB has not taken the action required by the participation agreement.

As to the issues of proper venue, and the proper district within the Northern District of Illinois, the following facts apply. First, the Defendant is an Illinois banking corporation with its principal place of business in Crystal Lake, McHenry County, Illinois. (Cpt., at par. 2). The transaction described in the instant complaint all took place in Crystal Lake, McHenry County, Illinois. (See Affidavit of Keith A. Leathers attached hereto as Exhibit "A"). The borrower, as well as the guarantors, reside in or do business in the McHenry County, Illinois area. (See Affidavit of Keith A. Leathers attached hereto as Exhibit "A"). Finally, all records and documents relating to this transaction are located in or near Crystal Lake, McHenry County, Illinois. (See Affidavit of Keith A. Leathers attached hereto as Exhibit "A").

**LAW GOVERNING INTRA-DISTRICT TRANSFERS**

In the interests of justice and judicial economy, as well as for the convenience ofhte parties and witnesses, this court should transfer this matter to the United States District Court for the Northern District of Illinois, Western Division (hereinafter "Western Division") pursuant to 29 U.S.C. sec. 1404(a). *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996).

At all times relevant hereto, 28 U.S.C. Section 1404 allows for the intra-district transfer of cases to the appropriate division within a district court where a suit may be had. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Specifically, 28 U.S.C. sec. 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *Simes v. Jackson National Live Ins. Co.*, 2005 WL 2371969 (N.D.Ill). Here, section 1404(a) has been expressly applied to requests for intra-district transfers. *See Navarrette v. JQS Property Maintenance, et al.,* 2008 WL 299084, *1 (N.D.Ill.).

In deciding a request for an intra-district transfer pursuant to sec. 1404, a court should consider the following factors: (1) whether venue is proper in both divisions; (2) the situs of the events underlying the action; (3) whether the proposed transferee divisions more convenient for both the parties and the witnesses; (4) whether the transfer would serve the interests of justice; and (5) the plaintiff's initial choice. *Wilheim v. Cruz, et al.*, 2010 WL 5139500 (N.D.Ill.); *Navarrette* (*supra*), at *1. The court has substantial discretion on evaluating the above factors. *Coffey*, 796 F.2d at 219-20.

Page 3 of 8

**ARGUMENT**

In the instant case, this Court should exercise its discretion and transfer this matter to the Western Division of the Northern District of Illinois because all of the parties, the situs of the underlying acts, witnesses, transactions at issue, records, and other evidence in this matter are located in the Western Division of the Northern District of Illinois.

### I. Venue is Proper in Either the Eastern or Western Division

In the instant case, there is no issue as to whether venue is proper in either division. Here, the Complaint alleges that Venue is proper in the Northern District of Illinois. (Complaint, at par. 4). Additionally, the Defendant's residence, principal place of business, "nerve center" is located in Crystal Lake, Illinois which is located in the Western Division. [Complaint, at par. 2-4; *see also*, 28 U.S.C. sec. 93(a)(2)]. Pursuant to the above, venue is proper in either the Eastern or Western Division of the Northern District.

### II. Underlying Acts All Occurred in McHenry County

This Court should exercise its discretion and transfer this matter to the Western Division because all of the material events occurred within the Western Division. *See Wilhelm (supra)*. Here, the Defendant notes that McHenry County is located within the Western Division of the Northern District of Illinois *See* 28 U.S.C. sec. 93(a)(2). As alleged in the Complaint, the Defendant's principal place of business, its "nerve center" and its residence is Crystal Lake, Illinois. (Complaint, at par's. 2-4). All of Crystal Lake, Illinois is situated within McHenry County, Illinois. As set forth above, McHenry County is located within the Western Division.

Next, the residences and principal places of business for both the Borrowers[1] in the original underlying loan as well as the Guarantors[2] to that loan is McHenry County, Illinois. (*See* Affidavit of Keith A. Leathers attached hereto and incorporated herein as Exhibit "A"). As set forth above, McHenry County is located within the Western Division.

Finally, the transaction at issue took place in the Defendant's main branch, located in Crystal Lake, McHenry County, Illinois. (*See* Affidavit of Keith A. Leathers attached hereto and incorporated herein as Exhibit "A").

In light of the above, both the situs of the underlying events, the witnesses and the residence of the Defendants are all located within the Western Division. Based on the above, it is appropriate for this court to transfer this matter to the Western Division. *Wilhelm (supra); Navarrette (supra); Cody v. DeKalb Sanitary Dist.*, 1999 WL 417368 (N.D.Ill).

III Convenience of the Witnesses Favors
Transfer to the Western Division

The convenience of the witnesses is the most important factor considered pursuant to section 1404. *Simes (supra)* at *2. As set forth above, the witnesses to the underlying loan all reside in McHenry County which is located in the Western Division.

It is presumed that any witnesses to the eventual assignment of the loan or from the Plaintiff who is headquartered in Louisiana would be arriving in Chicago via O'Hare Airport. In this regard, the Western Division is no more inconvenient to any such out of state witnesses as is the Eastern Division. *See I & M Rail Link v. Northstar Navigation, et*

---

[1] According to the Complaint, the Borrowers are described as Thomas Investments I, LLC and Thomas Investments II, LLC. (*See* Complaint, at par. 5).

[2] According to the Complaint, the Guarantors of the original loan are named as James L. Schaid and Samuel J. Diamond. (*See* Complaint, at par. 5).

*al.,* 21 F.Supp.2d 849, 858 (N.D. Ill. 1998) (holding that "[A]s for convenience, access to Rockford is not unduly burdensome from Chicago (83 miles) especially if traveling through O'Hare Airport which is northwest from the Loop.").

Based on the above, the convenience of the witness factor falls on the side of transferring this matter to the Western Division. *Wilhelm (supra); Simes (supra); Navarrette (supra).*

### IV. The Interest of Justice Factor Favors Transfer to Western Division

In the instant case the interests of justice favor a transfer to the Western Division because the Western Division has a stronger relationship to the instant case. *Westchester Fire Ins. Co. v. Carolina Cas. Ins. Co.*, 2004 WL 170325 (N.D. Ill); *Mesich v. Boone County, et al.*, 2003 WL 22284657 (N.D.Ill); *Cody (supra).* While the "the interest of justice" factor is given less weight in the consideration of a request of an intra-district transfer than the "convenience to the witnesses" factor, it is still a factor to be considered. *Westchester Fire Ins. Co.*, at *3. In so considering the interest of justice factor, a court must consider which division has the stronger relationship to the case. *Mesich (supra),* at *1; *Cody (supra)*, at *3.

In the instant case, the Western Division has a stronger relationship to the instant case than the Eastern Division. Specifically, the Plaintiff is an out-of-state party such that neither the Eastern or Western Division has a stronger relationship to its conducting business. However, the Defendant is a business entity whose nerve center and primary base of conducting business is in McHenry County, which is located in the Western Division.

Based on the above, the convenience of the witness factor falls on the side of transferring this matter to the Western Division. *Mesich (supra),* at *1; *Cody (supra)*, at *3.

### V. Plaintiff's Choice of Forum

In the instant case, the Plaintiff's choice of the Eastern Division is neutral, and not sufficient to outweigh the factors in favor of transferring this matter to the Western Division. While a plaintiff's choice of forum is generally afforded substantial weight in situations where it is the plaintiff's home forum, such deference is substantially lessened when the plaintiff's choice of forum has a relatively weak connection with the operative facts giving rise to the claim. *Navarrette (supra)*, at *2; *Simes (supra)*, at *2;*Plotkin v. IP Axess, Inc.,* 168 F.Supp.2d 899, 902 (N.D.Ill. 2001); *Sanders v. Franklin,* 25 F. Supp.2d 855, 858 (N.D.Ill. 1998); *Von Holdt v. Husky Injection Molding Systems, Ltd.,* 887 F.Supp. 185, 188 (N.D.Ill. 1995).

Here, the Plaintiff is a Louisiana State chartered bank, and has relatively weak, if any, connections with the selected forum, the Eastern division. Based on the above, this court should give little weight to Plaintiff's choice of filing in the Eastern Division. *Id.*

Furthermore, in light of the fact that the other four factors weigh in favor of transferring this matter to the Western Division, the little weight to be accorded Plaintiff's selection of the Eastern Division is not sufficient to overcome the interest in transferring this matter to the Eastern Division. *Id.*

**WHEREFORE**, and for the foregoing reasons, the Defendant, HOME STATE BANK, N.A., a national banking association, by and through its attorneys, request this Court enter an order transferring and reassigning this matter to the Western Division of the Northern District of Illinois for all further proceedings, and for any such further relief as is appropriate.

**ZUKOWSKI, ROGERS, FLOOD & McARDLE**

By:__/s/: Kevin G. Costello_____
One of its Attorneys

Kevin G. Costello (#06196839)
Anthony J. Sassan (#06216800)
Zukowski, Rogers, Flood & McArdle
Attorneys for Defendant, Home State Bank
50 Virginia Street, Crystal Lake, IL 60014
(815) 459-2050
Z:\H\Home State Bank\GulfCoastBank\Memo of Law.Motion to Transfer.wpd